IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SYLVESTER COWAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-CV-00522
CRIM. NO. 2:02-CR-00144
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed the instant *Second Motion to Vacate under 28 U.S.C. 2255* and *Motion to Hold Case in Abeyance*. (ECF Nos. 70, 71.) This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's *Motion to Hold Case in Abeyance* (ECF No. 71) is **DENIED**.

On January 16, 2004, the Court sentenced Petitioner to 210 months imprisonment on his convictions made pursuant to his guilty plea on five counts of unarmed and armed bank robbery. Petitioner challenges the enhancement of his sentence based on his status as a career offender under U.S.S.G. § 4B1.1 and § 4B1.2 in view of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Petitioner argues that his prior conviction for robbery in Franklin County, Case Number 80 CR 1290, no longer qualifies as a "crime of violence" in view of *Johnson*. Plainly, however, this action constitutes a successive § 2255 motion. On February 24, 2005, this Court denied Petitioner's prior *Motion to Vacate under 28 U.S.C. 2255*. *Opinion and Order* (ECF No. 49.)

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Where a district court determines that a motion to vacate constitutes a successive motion, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court lacks jurisdiction to entertain the motion to vacate unless the court of appeals has authorized the filing. Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because petitioner filed an earlier motion to vacate, the *Motion to Vacate under 28 U.S.C. 2255* presently before the Court constitutes a second or successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 85.)

The Court of Appeals will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner requests the Court to hold this action in abeyance pending a ruling from the United States Court of Appeals for the Sixth Circuit on his application for authorization to file a successive § 2255 motion in this Court, in the event that the government may claim that the

action is time-barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). *See Dodd v. United States*, 545 U.S. 353, 356 (2005)(An applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file his § 2255 petition). However, this Court lacks jurisdiction to address the § 2255 motion absent authorization from the United States Court of Appeals. Further, the statute of limitations is tolled during the time period that Petitioner seeks authorization for the filing of a successive petition. *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

Therefore, Petitioner's *Second Motion to Vacate under 28 U.S.C. § 2255*, Doc. 70, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's *Motion to Hold Case in Abeyance* (ECF No. 71) is **DENIED**.

**IT IS SO ORDERED.**

Date: June 16, 2016

                                                                                   s/James L. Graham  
                                                                         JAMES L. GRAHAM  
                                                                         United States District Judge

.