**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SYLVESTER COWAN,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:16-CV-00522
CRIM. NO. 2:02-CR-00144
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers**

## OPINION AND ORDER

On March 10, 2017, the Court issued an *Opinion and Order* dismissing Petitioner's *Second Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 75.) Petitioner has filed a *Notice of Appeal* and *Motion for Certificate of Appealability*. (ECF Nos. 76, 77.) For the reasons that follow, Petitioner's *Motion for Certificate of Appealability* (ECF No. 77) is **DENIED**.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Petitioner asserts that he was improperly sentenced as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines in view of *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)(declaring the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague).  However, on March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.  *Beckles v. United States*, 580 U.S. --, 2017 WL 855781 (2017).  Therefore, the Court dismissed this action on the merits.  In view of the foregoing, the Court is not persuaded that reasonable jurists would debate whether this action should have been resolved differently.

Petitioner's *Motion for Certificate of Appealability* (ECF No. 77) therefore is **DENIED.**

**IT IS SO ORDERED**.

Date: March 24, 2017                                          _____s/James L. Graham_____
                                                              JAMES L. GRAHAM
                                                              United States District Judge